

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -3 PM 1:51

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DOMINO JOHNSON**                                    **CIVIL ACTION**

**VERSUS**                                           **NO. 02-1645**

**ORLEANS PARISH PRISON, ET AL**                     **SECTION "M"(4)**

### REPORT AND RECOMMENDATION

At the request of the plaintiff, a status conference was held February 2, 2006, to discuss the plaintiff's concerns about the terms of the settlement reached in this case on February 24, 2005. [1] Both at the conference and in his prior letters to the Court, the plaintiff explained that he believed the settlement terms included reimbursement of the payments he made for medical treatment of his hepatitis.[2]

**I.      Status Conference**

At the conference, the Court reviewed the certified transcript of the settlement terms and read portions thereof to the plaintiff. The Court explained to Johnson, as reflected in the transcript, that the medical payments were not part of the settlement and that he indicated his agreement with those terms at the settlement conference.

---

[1] The conference was recorded.

[2] *See* Rec. Doc. No. 134, 137, 138, 143.

____ Fee_____
____ Process_____
__X_ Dktd_____
____ CtRmDep_____
____ Doc. No _____

The record reflects that the State defendants agreed, *inter alia*, to reimburse Johnson for and pay all court costs, including the $150 filing and over $757 in other court costs, and the $3.00 "trip fees" for any transportation costs assessed to him when he was taken for medical treatment for the hepatitis.

After thorough discussions with the plaintiff and counsel, the Court has determined that the terms of the settlement as stated in the transcript are accurate. Johnson's misunderstanding is unfortunate but does not warrant alteration of the settlement terms. All other terms have been satisfied.

## II.   Recommendation

It is therefore **RECOMMENDED** that the terms of the settlement agreement reached on February 24, 2005, remain enforce as indicated on the record.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____ 3rd _____ day of _____ Feb _____, 2006.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY ALL PARTIES INCLUDING
PLAINTIFF'S PRIOR COUNSEL**